**Vaugh Wade TERRY, Appellant,**

v.

**Linda Jean TERRY, Appellee.**

**No. 01–95–00768–CV.**

Court of Appeals of Texas,
Houston (1st Dist.).

March 7, 1996.

---

Terrence B. Robinson, Houston, for Appellant.

Deborah C. Lozano, Houston, for Appellee.

Before ANDELL, TAFT and PRICE [1], JJ.

## OPINION

TAFT, Justice.

Appellant, Vaughn Wade Terry, appeals from an order denying his motion to modify child support. In his appeal, Terry argues that the trial court erred by failing to find a material and substantial change in circumstances, erred by determining that appellant intentionally failed to maintain employment, and abused its discretion by denying appellant's motion to modify. We affirm.

### Facts

The facts in this case are uncontroverted. Vaughn Terry (Vaughn) and his wife of 11 years, Linda Jean Terry, were divorced on September 21, 1990; he remarried in June 1994. Upon divorcing his first wife, Vaughn was ordered to pay child support in the amount of $675 per month in support of the couple's three children. At the time of the divorce, Vaughn was making approximately $35,000 per year at Texas Instruments. He worked at Texas Instruments from 1980 until he was laid off in 1992.

After being laid off from Texas Instruments, Vaughn immediately found employment as a manager at a Taco Bell food location making approximately the same salary as he did at Texas Instruments. Vaughn was laid off from Taco Bell in January 1994. During his tenure at Texas Instruments and Taco Bell, Vaughn never missed a child support payment, nor was he ever late.

From February 1994 through September 1994, Vaughn received $1,000 per month in unemployment benefits. Although he did not

---

**1.** The Honorable Frank C. Price, former Justice, Court of Appeals, First District of Texas at Houston, participating by assignment.

pay the full amount of child support during this time, half of his unemployment benefits went to child support. When Vaughn's unemployment benefits ran out, he fell severely behind in his payments and was incarcerated for contempt of court based on the child support order.

Vaughn has diligently searched for employment since being laid off from Taco Bell, but has been unsuccessful in securing a job. Furthermore, due to his educational background,[2] Vaughn does not consider himself a minimum wage earner but because he has been unable to secure employment equal to his education, he is willing to work for minimum wage. If Vaughn works for minimum wage, however, he would not be able to pay the child support payment as it currently stands.

Vaughn filed his motion to modify on July 12, 1994. The court denied the motion and found pursuant to Texas Family Code section 14.053(f)[3] that Vaughn intentionally failed to maintain employment based on his educational background. Vaughn timely filed his request for findings of facts and conclusions of law. When the trial court did not respond, Vaughn timely filed a notice of past due findings of facts and conclusions of law; however, the court again did not respond.

### Findings of Fact and Conclusions of Law

Vaughn argues as a subissue in his first point of error that the trial court erred by not filing findings of facts and conclusions of law upon timely request.

■ Before section 14.057 of the Family Code was repealed in 1995, it mandated that findings of fact and conclusions of law supporting a child support order be filed upon a timely request. *See* former TEX.FAM.CODE

ANN. § 14.057;[4] *Chamberlain v. Chamberlain*, 788 S.W.2d 455, 455 (Tex.App.—Houston [1st Dist.] 1990, writ denied). However, this requirement only applied to the original orders setting the amount of child support, not to orders denying a motion to modify child support that effectively ordered the continued payment of child support as set in the original order. *MacCallum v. MacCallum*, 801 S.W.2d 579, 585 (Tex.App.—Corpus Christi 1990, writ denied).

In 1993, section 14.057(a) was amended to read:

Without regard to Rules 296 through 299, Texas Rules of Civil Procedure, in any suit affecting the parent-child relationship ... in which child support is contested and the amount of the support is *set or modified* by the court, on written request made or filed with the court not later than 10 days after the date of the hearing ..., the court shall state the following in the child support order:

"(1) the amount of net resources available to the obligor per month is \$____;

"(2) the amount of net resources available to the obligee per month is \$____;

"(3) the amount of child support payments per month that is computed if Section 14.055, Family Code, is applied is \$____;

"(4) the percentage applied to the obligor's net resources for child support by the actual order rendered by the court is ____%; and, if applicable,

"(5) the specific reasons that the amount of support per month ordered by the court varies from the amount computed by applying the percentage guidelines pursuant to Section 14.055, Family Code, are: ____."

(Emphasis added).

■ In the present case, the trial court denied Vaughn's motion to modify. The trial

---

**2.** Vaughn has a B.S. in History and Masters degrees in Business and Counseling.

**3.** Former section 14.053(f) of the Family Code provides in pertinent part: "[i]f the actual income of the obligor is significantly less than what the obligor could earn because the obligor is intentionally unemployed or underemployed, the court may apply these guidelines to the earning potential of the obligor." Act of May 5, 1989 71st Leg., R.S., ch. 617, § 6, 1989 Tex.Gen.Laws 2030, 2037, *repealed by* Act of April 6, 1995, 74th

Leg., R.S., ch. 20, § 2(1), 1995 Tex.Gen.Laws 113, 282. Each of the statutes cited in this opinion has been repealed since the filing of Vaughn's motion to modify; however, they are still applicable to this case because the repeal did not go into effect until April 20, 1995.

**4.** Act of May 29, 1993, 73d Leg., R.S., ch. 692, 1993 Tex.Gen.Laws 2726, 2727, *repealed by* Act of April 6, 1995, 74th Leg., R.S., ch. 20, § 2(1), 1995 Tex.Gen.Laws 113, 282.

court did not set or modify the amount of child support; thus, findings of fact and conclusions of law were not mandatory, and the trial court did not err by failing to file them even though requested to do so.

■ When no findings of fact are filed, we must imply all the necessary findings to support the judgment. *Worford v. Stamper*, 801 S.W.2d 108, 109 (Tex.1990); *In re Estate of Johnson*, 781 S.W.2d 390, 391–92 (Tex.App.—Houston [1st Dist.] 1989, writ denied). If there is evidence to support the implied finding of fact, we must uphold the judgment on any theory of law applicable to the case. *In re W.E.R.*, 669 S.W.2d 716, 717 (Tex.1984); *Giangrosso v. Crosley*, 840 S.W.2d 765, 769 (Tex.App.—Houston [1st Dist.] 1992, no writ).

### Modification of Child Support Payments

In the remainder of his first point of error, Vaughn contends that the trial court erred by failing to find that a material and substantial change in circumstances occurred between the time of the original support order and the time he filed his motion to modify child support. In points of error two and three, Vaughn contends that the trial court erred in determining that he intentionally failed to maintain employment and, thus, the trial court abused its discretion by denying Vaughn's motion to modify.

■ A court may modify a parent's child support obligation on proof that the circumstances of the child or parent have materially and substantially changed since the entry of the decree. Former TEX.FAM.CODE ANN. § 14.08(c)(2);[5] *Giangrosso*, 840 S.W.2d at 769. Whether a parent's child support obligation is modified is within the broad discretion of the court, *Giangrosso*, 840 S.W.2d at 769, and will not be disturbed on appeal unless clearly abused. *Rodriguez v. Rodriguez*, 860 S.W.2d 414, 415 (Tex.1993). The test for abuse of discretion is whether the trial court acted without reference to any guiding rules or principles; in other words,

whether the act was arbitrary or unreasonable. *Worford*, 801 S.W.2d at 109. No abuse occurs when the decision is based upon probative evidence. *Thomas v. Thomas*, 895 S.W.2d 895, 896 (Tex.App.—Waco 1995, writ denied).

■ The record clearly shows a change in Vaughn's circumstances. There was uncontroverted testimony that Vaughn had been continuously employed from 1980 to 1994, at which time he became unemployed. The original child support order was issued in 1990, when Vaughn was making approximately $35,000 per year. Vaughn's motion to modify was filed in 1994 when Vaughn was unemployed and collected approximately $1,000 per month in unemployment benefits. Regardless of this fact, however, a court is permitted to consider the earning potential of the obligor if the obligor is intentionally unemployed or underemployed. *See* former TEX.FAM.CODE ANN. § 14.053(f);[6] *Starck v. Nelson*, 878 S.W.2d 302, 307 (Tex.App.—Corpus Christi 1994, no writ); *Giangrosso*, 840 S.W.2d at 769–70. The Family Code does not define intentional unemployment; however, intentional unemployment requires a voluntary choice. *See Starck*, 878 S.W.2d at 307 n. 10 (intentional unemployment is defined by common law and requires voluntary choice by obligor).

■ Even though Vaughn did not voluntarily leave Taco Bell, we have considered the evidence and reasonable inferences, and found that Vaughn intentionally remained unemployed after being terminated from Taco Bell. Vaughn's extensive education, coupled with the fact that Vaughn was able to secure employment as a manager at Taco Bell immediately after being terminated from Texas Instruments, demonstrates his employability in a multitude of positions. Vaughn remarried in June 1994 and filed his motion to modify in July 1994. His new wife makes approximately $35,000; enough to support a household in which Vaughn could reside without working. Furthermore, Vaughn's ex-wife testified as to Vaughn's

---

5. Act of May 29, 1993, 73rd Leg., R.S., ch. 766, § 10, 1993 Tex.Gen.Laws 2989, 2998, *repealed by* Act of April 6, 1995, 74th Leg., R.S., ch. 20, § 2(1), 1995 Tex.Gen.Laws 113, 282.

6. Act of May 5, 1989 71st Leg., R.S., ch. 617, § 6, 1989 Tex.Gen.Laws 2030, 2037, *repealed by* Act of April 6, 1995, 74th Leg., R.S., ch. 20, § 2(1), 1995 Tex.Gen.Laws 113, 282.

statements that he did not have to work any longer because his new wife supports him. Thus, there is evidence that substantiates a finding that Vaughn is intentionally unemployed. Because there is evidence to support the trial court's judgment that Vaughn is intentionally unemployed, the court did not abuse its discretion in denying the motion to modify.

Accordingly, we overrule Vaughn's three points of error and affirm the trial court's judgment.