Opinion issued November 18, 2004










In The
Court of Appeals
For The
First District of Texas




NO. 01-03-01077-CV




GIL RAMIREZ HOMES, INC., Appellant

V.

PABLO RENTERIA AND PILAR CRUZ, Appellees




On Appeal from the 157th District Court
Harris County, Texas
Trial Court Cause No. 2002-06392




MEMORANDUM OPINION
          Gil Ramirez Homes, Inc. appeals the judgment entered against it by the trial
court in a nonjury trial. The trial court found appellant liable for breaching its
contract with appellees, Pablo Renteria and Pilar Cruz, and ordered appellant to
refund the earnest money deposit and other sums paid by appellees in the total
amount of $7,875. In three issues on appeal, appellant contends that the evidence was
legally and factually insufficient to support a finding that (1) appellant breached its
contract with appellees, (2) appellees were not given notice of appellant’s termination
of the contract; and (3) appellees were not approved for “an industry standard loan.” 
We affirm. 
BACKGROUND
          Appellant is a corporation in the business of constructing and selling residential
homes. Appellees are a married couple who entered into a residential earnest money
contract (the “contract”) with appellant on September 25, 1999 to purchase a home
that appellant would construct. The contract recited only partial purchase terms,
stating that appellees would make a $1,000 earnest money deposit to be held by
appellant and the purchase price would be $159,900. The contract was contingent on
appellees obtaining approval for a mortgage loan, but the contract did not define the
term “loan” or provide any loan terms. One of the missing terms was the amount of
the purchase price that was to be financed, although the form contract the parties used
did contain a blank space in which they could recite how the purchase price would
be paid. The parties did not fill out any information in that space. 
          The contract, in paragraph 4, stated that appellees were to apply for “the Loan
amount specified” within three days and “diligently seek to qualify for the Loan.” If
appellees did not qualify for “the Loan after a good faith effort,” the earnest money
was to be refunded after appellant was notified, either orally or in writing, by the
lender.


 Appellees applied, through a mortgage broker, for a first mortgage loan
equal to 80% of the purchase price (the “80% first”) and a purchase-money second
mortgage loan equal to 10% of the purchase price (the “10% second”). 
          On October 7, 1999, a document entitled “Price Build-Up,” which listed certain
upgrades requested by appellees and referenced the contract, was executed by
appellant’s sales representative and one of the appellees. Appellees paid appellant
$6,875 for the upgrades, as the contract required. Appellant began construction of
the home with the requested upgrades included. Regarding the pre-payment for
upgrades, paragraph 5 of the contract stated that “any such funds paid, including the
Earnest Money, are not refundable under any circumstances (except as expressly
provided in Paragraph 4).”


 The contract, in paragraph 4, stated that the earnest
money would be refunded if appellees, after good faith effort, did not qualify for “the
Loan” and appellant was notified by the Lender.
          At some point after this, appellees were approved for the 80% first but were
denied approval for the 10% second. It is uncontested that appellant was notified that
appellees were denied approval for the 10% second. Appellees testified that this
denial left them without sufficient cash to close, but that Gil Ramirez, appellant’s
president, orally promised to loan them $7,000 so they could close. Ramirez testified
that he made no such promise. 
          After appellees were denied approval on the 10% second, construction of the
home was substantially completed and, according to Ramirez’s testimony, a closing
was to take place at appellant’s office on January 5, 2000. Ramirez testified that a
representative of a title company handling the closing was at appellant’s office that
day to conduct the closing. Ramirez stated that appellees refused to close on their
purchase of the home and that he terminated their contract orally. The contract, in
paragraph 10, allowed appellant, at its option, to retain the earnest money deposit if
appellees refused to close on their purchase.


 Appellees testified that they went to
appellant’s office as instructed for “the closing” but that no title company
representative was present when they were there. Both appellees testified that
Ramirez told them at “the closing” that he had changed his mind about loaning them
the $7,000 and that appellant was terminating the contract. 
          Appellant retained the $1,000 earnest money deposit and the additional $6,875
appellees had paid for upgrades. Appellees demanded that appellant refund them the
$7,875 but appellant refused. Appellees filed suit against appellant and Ramirez
individually, pleading causes of action for breach of contract and deceptive trade
practices. The trial court dismissed the deceptive trade practices claim and found that
Ramirez was not individually liable, but found appellant had breached the contract
by failing to return the $7,875 to appellees.
DISCUSSION
Breach of Contract
          In its first issue, appellant asserts that the evidence was not legally or factually
sufficient to support a finding that appellant breached the contract. As there were no
findings of fact filed in this case, we must imply all the necessary findings to support
the judgment. Worford v. Stamper, 801 S.W.2d 108, 109 (Tex. 1990); Terry v. Terry,
920 S.W.2d 423, 426 (Tex. App.—Houston [1st Dist.] 1996, no pet.). If there is
evidence to support the implied finding of fact, we must uphold the judgment on any
theory of law applicable to the case. In Interest of W.E.R., 669 S.W.2d 716, 717 (Tex.
1984); Terry, 920 S.W.2d at 426.
          In reviewing a “no evidence” point, we consider only the evidence and
inferences that tend to support the finding, disregarding all evidence and inferences
to the contrary. Vannerson v. Vannerson, 857 S.W.2d 659, 666 (Tex. App.—Houston
[1st Dist.] 1993, writ denied). If there is any evidence of probative force to support
the finding, i.e., more than a mere scintilla, we will overrule the point. Id. When the
evidence offered to prove a vital fact is so weak as to do no more than create a mere
surmise or suspicion of its existence, the evidence is no more than a scintilla and, in
legal effect, is no evidence. Kindred v. Con/Chem, Inc., 650 S.W.2d 61, 63 (Tex.
1983); Seideneck v. Cal Bayreuther Assocs., 451 S.W.2d 752, 755 (Tex. 1970). 
However, if the evidence supplies some reasonable basis for differing conclusions by
reasonable minds as to the existence of a vital fact, then there is some evidence. 
Kindred, 650 S.W.2d at 63. 
          In reviewing factual sufficiency points of error, we must examine all of the
evidence in the record, including any evidence contrary to the judgment to determine
if the challenged finding is so against the great weight and preponderance of the
evidence as to be clearly wrong or unjust. Plas-Tex. Inc. v. U.S. Steel Corp., 772
S.W.2d 442, 445 (Tex. 1989).  The contract required appellant to return the earnest money if appellees failed
to qualify for a loan. The contract did not specify the loan amount appellees were to
seek. Mr. Renteria, one of the appellees, testified that Mr. Ramirez, appellant’s
president, agreed to take care of “the financing and everything himself” and that “Mr.
Ramirez told me there was going to be a down payment of [$]15,000.” The
uncontested evidence at trial was that appellees attempted to finance their home
purchase with an 80% first and a 10% second. It is also uncontested that appellees
were denied approval on the 10% second. 
          Appellant’s sole argument in its motion for new trial was that appellees were
approved for the 80% first; thus, they had a duty to close, which they breached, and
appellant had the right to retain the $7,875 under paragraph 10 of the contract. 
Appellees argument at trial was that they were denied the 10% second and that
appellant was notified of that denial; thus, appellees had no duty to close and had the
right to a refund of the $7,875 under paragraphs 4 and 5 of the contract. 
          Purchasers are required to apply for the loan reflected in the earnest money
contract. Herbage v. Snoddy, 864 S.W.2d 695, 697 (Tex. App.—Houston [1st Dist.]
1993, pet. denied). Where the purchasers’ contractual right to recover an earnest
money deposit is conditioned upon their inability to secure financing on the stated
terms, the purchasers’ failure to apply for a loan on those terms does not satisfy the
contractual condition for return of the earnest money. Id. Whether a purchaser used
reasonable efforts to secure the financing required in an earnest money contract is
usually a question of fact for the jury. Fingold v. Cook, 902 S.W.2d 579, 582 (Tex.
App.—Houston [1st Dist.] 1995, pet. denied). 
          As there was no definition provided in the contract, the trial court properly
allowed parol evidence to inform the court as to what the parties meant by the term
“the Loan,” including the loan amount. See Bleeker v. Morrision, 458 S.W.2d 709,
711 (Tex. Civ. App.—Eastland 1970, no pet.) (noting that earnest money contract did
“not set out the details of the manner of payment of the total consideration but this is
not necessary to comply with the statute [of frauds]”). The method of paying the
consideration for a contract can be changed orally without violating the statute of
frauds. Garcia v. Karam, 276 S.W.2d 255, 257 (Tex. 1955). 
          The trial court implicitly found that the parties entered into a valid parol
agreement to modify the mode of payment of the consideration by agreeing that “the
Loan” was to consist of the 80% first and 10% second. Appellees, because they did
not qualify for the 10% second, did not qualify for “the Loan” and did not have a duty
to close. Because appellees did not breach by refusing to close, appellant could not
exercise its remedy, under paragraph 10, to cancel the contract and retain the sums
paid by appellees. The trial court implicitly found that appellees demanded, and were
entitled to, a return of the monies in question pursuant to paragraphs 4 and 5 of the
contract.  There was sufficient evidence presented at trial that “the Loan” was to be a
combination of an 80% first and a 10% second. Appellees testified that appellant’s
president, Mr. Ramirez, was handling the financing for them and that the down
payment was to be $15,000. Appellant’s president did not testify as to what amount
or percentage the parties had agreed would be financed, asserting only that an 80%
loan was “the industry standard” for self-employed persons like appellees, and that
“everything was done to try to help” appellees obtain the higher 90% financing.           There was legally and factually sufficient evidence to support the finding that
appellant breached the contract by refusing to refund the $7,875 to appellees. We
overrule appellant’s first issue.
Remaining issues.
          In its two remaining issues appellant complains of implied findings allegedly
made by the trial court that appellees were not given notice of appellant’s termination
of the contract, and that appellees were not approved for “an industry standard loan.” 
The alleged findings appellant complains of were not necessary for the judgment
rendered by the trial court, and we will not imply them.
          We overrule appellant’s second and third issues. 
                                                     CONCLUSION
          We affirm the judgment of the trial court. 
 
                                                             Sam Nuchia
                                                             Justice

Panel consists of Justices Nuchia, Higley, and Hanks.
Do Not Publish. Tex. R. App. P. 47.2(b).