Opinion issued March 31, 2005










In The
Court of Appeals
For The
First District of Texas




NO. 01-03-01224-CV




TIMOTHY PAUL MARTIN, Appellant

V.

THE STATE OF TEXAS; DEVEN DESAI, ASSISTANT ATTORNEY
GENERAL; KEITH DEAN, SITTING JUDGE OF THE 265TH JUDICIAL
DISTRICT COURT, DALLAS COUNTY, TEXAS; RANDY ISENBERG;
LAWRENCE BOYD; THE DALLAS COUNTY DISTRICT ATTORNEY
DURING 2000; THE JEFFERSON COUNTY DISTRICT ATTORNEY
DURING 2000 AND 2001; THE SUPREME COURT OF TEXAS,
INCLUDING ITS JUDGES; THE TEXAS COURT OF CRIMINAL
APPEALS, INCLUDING ITS JUDGES; THE NINTH COURT OF
APPEALS IN BEAUMONT, TEXAS, INCLUDING ITS JUDGES: DON
BURGESS, DAVID B. GAULTNEY, AND RONALD WALKER; THE
THIRTEENTH COURT OF APPEALS IN CORPUS CHRISTI, TEXAS,
INCLUDING ITS JUDGES: J. BONNER DORSEY, FREDERICO
HINOJOSA, AND ERRLINDA CASTILLO; THE FIFTH COURT OF
APPEALS, INCLUDING ITS JUDGES; JEFFERSON COUNTY DISTRICT
COURT JUDGES MILTON GUNN SHUFFIELD AND GARY
SANDERSON; THE JEFFERSON COUNTY DISTRICT CLERK; SITTING
BEE COUNTY JUDGES RACHEL LITTLEJOHN AND JOEL JOHNSON;
TIM MOORE; THE TDCJ-ID AND ITS DIRECTOR AS A CLASS; TDCJ-ID PSYCHOLOGISTS DR. J. HAMMER AND DR. ZIMMERMAN; THE
TARRANT COUNTY JUDGE WHO WAS PRESIDING IN THE JUDICIAL
DISTRICT COURT OF TARRANT COUNTY, TEXAS WHO SENTENCED
APPELLANT TO SEVENTEEN YEARS IN PRISON DURING OR ABOUT
1990; KAY ELLIS STONE, TDCJ-ID STAFF COUNSEL FOR OFFENDERS
DURING 1993; M. L. BRADSHAW, TDCJ-ID OFFICER; HOWARD
WILEY, TDCJ-ID OFFICER; DAVID A. HINOJOSA, TDCJ-ID OFFICER;
WRITER’S DIGEST; TIME WARNER; PENGUIN USA PUBLISHING;
PENTHOUSE MAGAZINE; GALLERY MAGAZINE; B. JANICE
ELLINGTON, U.S. MAGISTRATE FOR THE SOUTHERN DISTRICT OF
TEXAS; PRESIDENT GEORGE W. BUSH; THE CLERK OF TRAVIS
COUNTY; AND THE TEXAS BOARD OF PARDONS AND PAROLES;
Appellees




On Appeal from the 278th District Court
Walker County, Texas
Trial Court Cause No. 22,017




MEMORANDUM OPINION
          Appellant, Timothy Paul Martin, an inmate currently incarcerated at the Mark
Stiles Unit of the Institutional Division of the Texas Department of Criminal Justice
(“TDCJ-ID”), appeals the trial court’s orders dismissing his pro se lawsuit as
frivolous and assessing $165 in costs against him. In five points of error, appellant
contends that the trial court abused its discretion by (1) assessing costs and fees of
$165 against him and ordering that funds be taken from his inmate trust account, (2)
failing to act on his motion to modify the order assessing costs, his “Independent
Action in Equity,” his motion for a temporary restraining order, and his motion for
an evidentiary hearing, (3) failing to stay his lawsuit to allow him time to complete
the TDCJ-ID grievance system procedures, (4) dismissing his lawsuit as frivolous,
and (5) dismissing his lawsuit with prejudice. We affirm. 
BACKGROUND
          On April 7, 2003, appellant, acting pro se, filed his original petition against
appellees the TDCJ-ID and its director, individually and in the unnamed director’s
official capacity, alleging that certain TDCJ-ID employees retaliated against him for
his filing of various writs and lawsuits, and that TDCJ-ID had breached a settlement
agreement from a previous lawsuit. Along with his petition, appellant filed the
following: (1) a motion to proceed in forma pauperis, (2) affidavits relating to
previous lawsuits he had filed in federal and state courts, and (3) a notice regarding
the pending grievances he had filed, under the TDCJ-ID grievance procedures, for the
alleged acts of retaliation. In his notice of pending grievances, appellant requested
that the trial court stay the lawsuit until such time as the grievance process was
complete. 
          On April 7, 2003, the trial court ordered appellant to pay court costs and fees



in the amount of $165. The trial court also ordered that an initial payment be made
out of appellant’s inmate trust account in an amount equal to the lesser of $165 or
20% of the preceding six month’s deposits. The trial court further ordered that
monthly payments be made out of appellant’s account in an amount equal to the lesser
of the total unpaid balance of the costs or 10% of that month’s deposits. On April 21,
2003, appellant filed a motion requesting that the trial court allow him to file an
amended affidavit of indigence and a motion to reform the order that payments be
taken out of his inmate trust account. 
          On May 5, 2003, appellant filed a motion to join the Texas Board of Pardons
and Paroles and a motion for a temporary restraining order “to restrain the
disciplinary cases and enjoin the Tx. [sic] Board of Pardons and Paroles to deviate
[sic] from certain parole guidelines that would postpone plaintiff’s parole date due
to said disciplinary cases,” and a request for a hearing on his motion for a temporary
restraining order. On August 5, 2003, appellant filed an amended petition, naming
the remaining appellees as defendants. Without ruling on appellant’s pending
motions, the trial court dismissed appellant’s lawsuit “in its entirety” as frivolous on
October 2, 2003. 
DISCUSSION
Standard of Review
          We review the trial court’s dismissal of appellant’s action as frivolous for an
abuse of discretion. Lentworth v. Trahan, 981 S.W.2d 720, 722 (Tex. App.—Houston
[1st Dist.] 1998, no pet.). Because appellant filed an unsworn declaration of inability
to pay, the trial court had broad discretion to dismiss the lawsuit as frivolous or
malicious. Tex. Civ. Prac. & Rem. Code Ann. §§ 14.002(a), 14.003(a)(2) (Vernon
2002); Lentworth, 981 S.W.2d at 722. A trial court abuses its discretion if it acts
arbitrarily, capriciously, and without reference to any guiding rules or principles. Id.
at 722. 
Dismissal as Frivolous
          In his fourth issue, appellant asserts that the trial court abused its discretion by
dismissing his lawsuit as frivolous. Section 14.003 allows a trial court to dismiss an
inmate’s lawsuit before or after process is served if the court finds, inter alia, that the
claim is frivolous or malicious. Tex. Civ. Prac. & Rem. Code Ann. § 14.003(a)(2). 
In determining whether a claim is frivolous or malicious, the court may consider
whether (1) the claim’s realistic chance of ultimate success is slight; (2) the claim has
no arguable basis in law or fact; (3) it is clear that the party cannot prove facts in
support of the claim; or (4) the claim is substantially similar to a previous claim filed
by the inmate because the claim arises from the same operative facts. Id. § 14.003(b)
(Vernon 2002). In this case the trial court dismissed under section 14.003 as frivolous,
but did not state specific grounds. Appellant did not request findings of fact or
conclusions of law. We must, therefore, imply all the necessary findings to support
the judgment. Worford v. Stamper, 801 S.W.2d 108, 109 (Tex. 1990); Terry v. Terry,
920 S.W.2d 423, 426 (Tex. App.—Houston [1st Dist.] 1996, no writ).In making its determination under section 14.003, the court may also take into
consideration the requirements imposed by section 14.004. Samuels v. Strain, 11
S.W.3d 404, 407 (Tex. App.—Houston [1st Dist.] 2000, no pet.). Under section
14.004, an inmate who files an affidavit or unsworn declaration of inability to pay, is
required to file a separate affidavit or declaration: 
(1) identifying each suit, other than a suit under the Family Code,
previously brought by the person and in which the person was not
represented by an attorney, without regard to whether the person was an
inmate at the time the suit was brought; and
 
(2) describing each suit that was previously brought by:
 
          (A) stating the operative facts for which relief was sought;
 
          (B) listing the case name, cause number, and the court in which the
suit was brought;
 
          (C) identifying each party named in the suit; and
 
          (D) stating the result of the suit, including whether the suit was
dismissed as frivolous or malicious under Section 13.001 or Section
14.003 or otherwise.
 
Tex. Civ. Prac. & Rem. Code Ann. § 14.004(a) (Vernon 2002).
          In his affidavits, appellant discloses that he had filed at least five previous
lawsuits against the TDCJ-ID or its personnel in state court, and at least eleven more
in federal court. Appellant failed to state any of the operative facts of some of his
previous lawsuits,


 and in others he failed to state the operative facts with
particularity; instead, he made only general statements.


 Appellant failed to
adequately identify the defendants in two of his federal lawsuits.


 Appellant listed
two lawsuits, in which some of the appellees in this case are defendants, that he
believed were active cases in state district court, and his statement of the operative
facts of those cases appears to be identical to claims he makes in this case. In his
disclosures regarding the case of Martin v. Bush, Cause No. A-16851, in the District
Court of Jefferson County, Texas, appellant claimed that he had a pending lawsuit
against the current President of the United States over “various” acts of reprisal by
TDCJ-ID personnel for his having filed “various lawsuits in state and federal court,”
which are the same facts he presented in this case. In his disclosure regarding the
case of Martin v. Writer’s Digest, Cause No. B-167965, in the District Court of
Jefferson County, Texas, appellant stated that he was actively suing appellees
Writer’s Digest, Penguin Publishing, Penthouse Magazine, Gallery Magazine, and
Playboy Magazine and lists operative facts that are nearly identical to the basis of his
claims in this case. 
          Appellant was contemporaneously litigating similar claims in other courts, had
previously litigated similar claims that had been dismissed as frivolous, some with
prejudice and some without, and did not comply with the mandatory requirements of
section 14.004(a)(2) that he describe each suit. Therefore, the trial court properly
dismissed the lawsuit because it was “substantially similar” to the lawsuits appellant
admits to filing previously. See Samuels, 11 S.W.3d at 407. We overrule appellant’s
fourth point of error.
Dismissal with Prejudice
          In his fifth issue appellant asserts that, even if the trial court’s dismissal was
proper, dismissal with prejudice was improper. See Lentworth, 981 S.W.2d at 723
(concluding that dismissal with prejudice for failure to comply with Chapter 14 was
improper in that case because “[w]e are not prepared to say that appellant has no other
possible cause of action against appellees arising out of the same facts”). In this case,
appellant is mistaken. The order of dismissal does not state whether the case was
dismissed with or without prejudice. In such cases, it is presumed the case was
dismissed without prejudice as to refiling. Nawas v. R & S Vending, 920 S.W.2d 734,
736 n.1 (Tex. App.—Houston [1st Dist.] 1996, no pet.). We overrule appellant’s fifth
issue.
Assessing of Costs
          In his first issue, appellant complains of the trial court’s order assessing court
costs of $165 against him and further ordering that funds to be taken from his inmate
trust account. Under the statute, a “court may order an inmate who has filed a claim
to pay court fees, court costs, and other costs.” Tex. Civ. Prac. & Rem. Code Ann.
§ 14.006(a) (Vernon 2002); Obadele v. Johnson, 60 S.W.3d 345, 350-51 (Tex.
App.—Houston [14th Dist.] 2001, no pet.). Appellant directs us to no applicable
authority suggesting that the trial court’s assessment of costs as allowed by the statute
was improper. Id. at 351 (citing to Tex. R. App. P. 38.1(h)). We overrule appellant’s
first issue.
Failure to Act on Appellant’s Motions
          In his second issue, appellant complains of the trial court’s failure to act on his
motion to modify the order assessing costs, on his “Independent Action in Equity,”
on his motion for a temporary restraining order, and on his motion for hearing. A trial
court is not required to hold a hearing before dismissing a lawsuit under section
14.003. Spurlock v. Johnson, 94 S.W.3d 655, 658 (Tex. App.—San Antonio 2002,
no pet.). Under the statute, the trial court could find appellant’s lawsuit frivolous and
dismiss it at any time, with or without ruling on a motion or holding a hearing. See
Denson v. T.D.C.J.-I.D., 63 S.W.3d 454,459 (Tex. App.—Tyler 1999, pet. denied)
(citing Tex. Civ. Prac. & Rem. Code Ann. § 14.003(a)(2) and noting that fact
hearing necessary only if claim has arguable basis in law). 
          We overrule appellant’s second issue.           
Failure to Stay Proceedings
          In his third issue, appellant complains of the trial court’s failure to stay the
proceedings in his lawsuit to allow him time to complete the TDCJ-ID grievance
system procedures. Although the statute allows the trial court to stay the proceedings
for a period of time “not to exceed 180 days,” the trial court was not required to grant
a stay and to ignore appellant’s other failures to comply with the statute. See Lewis
v. Johnson, 97 S.W.3d 885, 887 (Tex. App.—Corpus Christi 2003, no pet.) (“Should
an inmate file a lawsuit without a copy of the written decision from the grievance
system, the trial court, in the absence of any mandatory language to the contrary, has
discretion to stay the proceedings for a time certain to allow the inmate to file the
copy.”). We overrule appellant’s third issue.
                                                     CONCLUSION
          We affirm the judgment of the trial court. 
 
                                                             Sam Nuchia
                                                             Justice

Panel consists of Justices Nuchia, Jennings, and Alcala.