COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

|  |  |  |
|---|---|---|
| | § | No. 08-07-00270-CV |
| | § | |
| IN THE INTEREST OF T.A. AND M.A., | | Appeal from the |
| MINOR CHILDREN | § | |
| | | 388th Judicial District Court |
| | § | |
| | | of El Paso County, Texas |
| | § | |
| | | (TC# 2006CM2442) |
| | § | |

**O P I N I O N**

Dr. Rafael Armendariz is the biological father of T.A. and M.A. He appeals an award for child support, medical expenses, arrearages, and attorney's fees in favor of Gloria Troncoso, the children's mother. Dr. Armendariz raises seven issues addressing all aspects of the trial court's award. We affirm

This suit began as an action to establish the paternity of T.A. and M.A., by the children's mother, Gloria Troncoso. Ms. Troncoso filed the original petition on April 11, 2006, alleging Dr. Rafael Armendariz was the biological father of the children.[1] Dr. Armendariz filed a general denial on May 10, 2006. The trial court entered interim paternity orders on December 8, 2006. The order designated Ms. Troncoso and Dr. Armendariz as joint managing conservators and named Ms. Troncoso the primary conservator with the right to designate the children's residence. The court also ordered Dr. Armendariz to pay $1,240 per month for child support, commencing December 10, 2006.

---

[1] There is no record of a prior support and custody order regarding these two children.

On April 13, 2007, Ms. Troncoso amended her petition to include claims for child support, medical expenses, and arrearage. On June 20, 2007, Dr. Armendariz amended his answer and admitted he was the biological father of the children, but contested his obligation to pay retroactive child support. The case was tried to the court on July 18, 2007. The only witnesses to testify regarding the child support and arrearage issues were Dr. Armendariz and Ms. Troncoso.

The final judgment in the case was signed December 20, 2007. The judgment obligates Dr. Armendariz to pay $1,600 per month for child support and $288 per month for health coverage. Dr. Armendariz was also found to be in arrears for child support in the amount of $76,800 and ordered to pay in increments of $400 per month until paid in full. The trial court determined there was a $13,824 arrearage for health care coverage. Dr. Armendariz was also ordered to pay an additional $100 per month until the health care arrearage was paid in full. Finally, Dr. Armendariz was ordered to pay $5,300 for Ms. Troncoso's attorney's fees.

Dr. Armendariz presents seven issues for review in his brief. Issues One and Two address the trial court's arrearage award. Issues Three and Five contend that the trial court erred by not taking into account evidence of financial hardship and other circumstances while setting the support and medical expenses obligations. Issue Four challenges the attorney's fees award. Issue Six addresses the trial court's failure to file findings of fact and conclusions of law. Issue Seven broadly asserts the trial court abused its discretion "in determining past child support, past medical support, current child support, current medical support, and award of attorney fees."[2]

As a preliminary matter, having reviewed Dr. Armendariz's brief, we conclude that Issues

_____

[2] We do not have the benefit of an Appellee's brief in this case.

One through Five and Issue Seven have not been properly briefed and so present nothing for this Court to review. Texas Rule of Appellate Procedure 38.1 provides the requirements of an appellant's brief. *See* TEX.R.APP.P. 38.1. Of particular interest in this case is subparagraph (i) of Rule 38.1, which states: "*Argument*. The brief must contain a clear and concise argument for the contentions made, with appropriate citations to authorities and to the record." TEX.R.APP.P. 38.1(i). Briefing requirements are not met by an appellant merely uttering conclusory statements, unsupported by legal citations. *Ratsavong v. Menevilay*, 176 S.W.3d 661, 666 (Tex.App.--El Paso 2005, pet. denied). Failure to brief an issue in compliance with Rule 38.1 results in waiver of that issue. *See id*.

The entire argument section of Dr. Armendariz's brief consists of seven, single spaced pages. With the exception of Issue Six, the brief fails to cite to a single Texas Court of Appeals or Texas Supreme Court opinion, and except for intermittent quotations from several sections of the Texas Family Code, fails to cite appropriate statutory authority. The discussion of Issues One through Five and Issue Seven, is wholly lacking in citation to the record and fails to provide the Court with any legal analysis on which we could base a decision granting the relief requested. Accordingly, these issues are overruled as waived.

Issue Six challenges the trial court's failure to enter findings of fact and conclusions of law pursuant to Section 154.130 of the Texas Family Code. Dr. Armendariz states in his brief that a written request for findings of fact and conclusions of law was filed with the trial court on September 6, 2007. He also states that a notice of past due findings was filed on September 11, 2007. However, while the record does contain a request for findings of fact and conclusions of law on September 6, that request was explicitly made pursuant to Texas Rule of Civil Procedure

296.  Dr. Armendariz fails to cite to a point in the record where a request for Section 154.130 findings was made.  Therefore the trial court did not err in failing to make such findings.  In addition, although Dr. Armendariz states that a notice of past due findings was filed on September 11, 2007, that document states only that it is a "request for findings of facts and conclusions."  There is no record that Dr. Armendariz notified the court of any past due findings.  Issue Six is overruled.

Having overruled all of Appellant's issues, we affirm the judgment below.


September 9, 2009

DAVID WELLINGTON CHEW, Chief Justice

Before Chew, C.J, McClure, and Rivera, JJ.