**AFFIRM; and Opinion Filed April 9, 2019.**



**In The**

# Court of Appeals
## Fifth District of Texas at Dallas

**No. 05-17-01294-CV**

### IN THE INTEREST OF S.V. AND S.V., CHILDREN

**On Appeal from the 255th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DF-04-11968-V**

## MEMORANDUM OPINION

Before Justices Partida-Kipness, Pedersen, III, and Carlyle
Opinion by Justice Pedersen, III

Venky Venkatraman (Father), a pro se party, appeals a final order that denied his motion

to reduce child support. We affirm.

### BACKGROUND

Father and Jyoti Masurekar (Mother) divorced in 2004. They have two children, S.V. and

S.V. In the divorce, the court ordered Father to pay child support in the amount of $1,118.70 per

month. Father did so for nearly a decade. In 2015, Father filed a motion to reduce his child support

obligation. The court temporarily reduced his monthly payments to $750 per month. In a mediation

that same year, Father agreed to resume monthly payments of $1,118.70 once the litigation was

complete. The case was tried in November 2015. The following year, on May 4, 2016, the court

signed an order that reinstated Father's $1,118.70 monthly obligation as of the retroactive date of December 1, 2015.[1]

In December 2016, Father filed another motion to reduce child support. The motion alleged that his circumstances had "materially and substantially changed." He referenced "the income reported in his tax returns over the last 2 years" and his increased cost in 2016 of providing health insurance for the children. Based on these purported changes, he requested that the court reduce his monthly child support obligation.

Previously, on October 4, 2016, Father had also filed an emergency motion for enforcement. This motion claimed the court had signed a final order on March 4, 2016,[2] which (i) ordered that Father had the right to possession of the children at times agreeable to the children, and (ii) required the children to provide Father with advance notice of each visit. Father's motion for enforcement contended the children had not provided him notice of any visit as required by the order. He also urged that a provision from a prior March 2012 order— which appointed Carrie Beaird as the "Parenting Facilitator"—was not superseded by the subsequent May 4, 2016 order. Based on this provision from the 2012 order, Father requested the court to compel Mother to bring the children for sessions with Beaird so that she could schedule Father's visits with the children.

The court held a May 1, 2017 bench trial that addressed several pending matters regarding Mother and Father, including the foregoing motions. Judge Carmen Rivera-Worley, a visiting judge, presided over the trial. The court denied Father's motion to reduce child support and awarded Mother $750 in attorney's fees. The court did not at that time rule on Father's emergency motion for enforcement. As described in more detail below, it instead directed Father to send

---

[1] Father appealed the court's May 4, 2016 order, including its mandate that Father pay child-support arrearages. *In re S.V.*, No. 05-16-00519-CV, 2017 WL 3725981, at *13–14 (Tex. App.—Dallas Aug. 30, 2017, pet. denied) (mem. op.). This Court affirmed the order in part—including the portion related to child support arrearages—and reversed the order in part. *Id.* at *14.

[2] The record reflects this order was actually signed on May 4, 2016. Accordingly, we will henceforth refer to this order as the May 4, 2016 order.

opposing counsel a proposed order later that same day that restated the subject language from the March 2012 order. The court also ordered counsel to appear the following day, on May 2, to discuss Father's proposed order and Mother's objections thereto, if any. Father did not submit a proposed order on May 1, nor did a hearing occur on May 2.

Over five months later, on October 20, 2017, the court signed an order that confirmed its previous denial of Father's motion to reduce child support and its award of $750 in attorney's fees to Mother. The October 20 order did not reference Father's emergency motion for enforcement, but it contained a clause that stated, "this is a final judgment, is appealable[,] and . . . all relief requested in this case and not expressly granted is denied." *See Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 200 (Tex. 2001) (holding that an order is final and appealable if the intent to finally dispose of the case is clear from the order).

On November 9, 2017, Father requested findings of fact and conclusions of law regarding the portion of the October 20 order that awarded attorney's fees to Mother. The court did not respond to Father's request. On November 30, 2017, Father filed a notice of past due findings of fact and conclusions of law. The following day, on December 1, Father also requested additional findings and conclusions. Among other requests, he asked the court to make findings regarding the portion of its October 20 order that had denied Father's emergency motion for enforcement. The court did not respond to Father's request. Ten days later, on December 11, Father filed a notice of past due additional findings and conclusions.

The court did not respond to Father's notice of past due findings filed on November 30, nor to his notice of past due additional findings filed on December 11. On January 10, 2018, Judge Rivera-Worley signed an order that voluntarily recused herself from hearing any further issues in the case. This order also requested the assignment of a new judge to hear the case. The order did not disclose why Judge Rivera-Worley recused herself.

Father appealed the October 20 order denying his motion to reduce child support and his emergency motion for enforcement.[3]

## ANALYSIS

**Failure to Make Findings**

Father raises three issues, the first of which complains the court erred by not responding to his request for findings of fact and conclusions of law. Father contends (i) the court erred by failing to file findings and conclusions, (ii) such error is presumed harmful, (iii) Judge Rivera-Wooley is the only judge who could file the findings and conclusions, and (iv) since she is now recused, the only available remedy is to remand this case for a new trial. In evaluating Father's argument, we will assume the events necessitating Judge Rivera-Worley's recusal did not arise until January 10, 2018, the day she signed the order of recusal. We begin by analyzing whether the judge erred by not filing findings and conclusions before she recused herself.

*Family Code*

Father argues that section 154.130 of the Texas Family Code required the court to make findings of fact here.[4] "Without regard to Rules 296 through 299 [of the] Texas Rules of Civil Procedure," this statute requires the court to make findings when "rendering an order of child support" if any of three conditions are met. TEX. FAM. CODE ANN. § 154.130(a). Mother urges the statute does not apply in this case. We agree with Mother for three reasons.

---

[3] At the May 1, 2017 trial, the court also heard Intervenor Coppell Independent School District's request that the court modify certain terms concerning Coppell ISD in the court's May 4, 2016 order. The court signed a separate order that modified its prior May 4 order accordingly. This modification order is the subject of a separate appeal by Father in this Court. *See In re S.V.*, No. 05-18-00037-CV, 2019 WL 516730 (Tex. App.—Dallas Feb. 11, 2019, no pet. h.) (mem. op.).

[4] Father specifically contends that subsection (a-1) of section 154.130 requires the court to make and enter findings within 15 days of the party's request. This subsection was repealed effective September 1, 2017, Act of May 19, 2017, 85th Leg., R.S., ch. 421, §§ 12, 15, 2017 Tex. Gen. Laws 1126, 1129, though the statute's requirement that the court make findings in certain specified circumstances remains in effect.

First, "[f]indings . . . are only required when the amount of child support *ordered* or *rendered* by the trial court varies from the guidelines." *In re D.S.*, 76 S.W.3d 512, 522 (Tex. App.—Houston [14th Dist.] 2002, no pet.) (emphasis in original). Here, the court's denial of Father's motion to reduce child support was not the rendition of a new child support order. *See id.* (holding same in context of trial court's denial of motion to modify agreed child-support order); *see also Terry v. Terry*, 920 S.W.2d 423, 425 (Tex. App.—Houston [1st Dist.] 1996, no writ) (holding that requirement of findings in predecessor statute "only applied to the original orders setting the amount of child support, not to orders denying a motion to modify child support that effectively ordered the continued payment of child support as set forth in the original order").

Second, Father's requests for findings and conclusions did not reference section 154.130; they instead referenced only the rules of civil procedure that apply to findings and conclusions. TEX. R. CIV. P. 296–98; *see also id*. R. 306a(a) (noting, inter alia, that date of judgment shall determine commencement of period prescribed by "these rules" for requesting findings and conclusions). Absent a request for section 154.130 findings, we conclude the court did not err by not making such findings. *See in re T.A.,* 346 S.W.3d 676, 678–79 (Tex. App.—El Paso 2009, pet. denied) (holding same).

Third, even if the subject order were "an order of child support," none of the alternative conditions set forth in subsections (a)(1)–(3) of the statute are met here. Specifically, the version of subsection (a)(1) that applied on May 1, 2017, the date of the trial, required Father to file a written request for findings no later than 10 days after the trial. Act of May 28, 2009, 81st Leg., R.S. ch. 767, §§ 6, 37, sec. 154.130, 2009 Tex. Gen. Laws 1938, 1939–40, 1949. Father did not file a written request until November 9, 2017, over six months after the trial.[5] Alternatively,

---

[5] Effective September 1, 2017, which was before the court signed the final order at issue in this appeal, the Legislature amended subsection (a)(1) to require "a written request with the court before the final order is signed, but not later than 20 days after the date of rendition of the order." Act of May 19, 2017, 85th Leg., R.S., ch. 421, §§ 10, 12(2), sec. 154.130, 2017 Tex. Gen. Laws 1125, 1129 (codified at TEX. FAM. CODE ANN.

subsection (a)(2) required Father to make an oral request for findings in open court during the trial. TEX. FAM. CODE ANN. § 154.130(a)(2). It is undisputed that Father made no such request. Accordingly, Father waived the right to findings under either subsection (a)(1) or (a)(2). *See In re T.G.*, No. 05-12-00460-CV, 2013 WL 3154975, at *6 (Tex. App.—Dallas June 19, 2013, no pet.) (mem. op.) (concluding that father did not make a timely written or oral request under section 154.130 and thus waived any findings under this section). Moreover, subsection (a)(3) requires the court to make findings if "the amount of child support ordered by the court varies from the amount computed by applying" certain statutory guidelines. *Id.* § 154.130(a)(3). This subsection does not apply because, as described above, the court did not order child support.

For each of these reasons, we conclude that section 154.130 did not require written findings in this case.

*Rules of Civil Procedure*

Rule 296 of the Texas Rules of Civil Procedure permits a party to request findings of fact and conclusions of law "[i]n any case tried in the district or county court without a jury." TEX. R. CIV. P. 296. The rule requires a party to file such a request within twenty days after the judgment is signed. *Id.* Father's November 9, 2017 request, while timely, requested only findings and conclusions regarding the portion of the subject order that awarded attorney's fees. In contrast, Father's December 1, 2017 request for "additional findings," while more comprehensive, was untimely because it was not filed within Rule 296's twenty-day deadline. Moreover, the court never filed "original findings of fact and conclusions of law." Accordingly, Father could not file "a request for specific additional or amended findings or conclusions," nor was the court obligated to make such additional findings in the absence of original findings. TEX. R. CIV. P. 298. In sum,

---

§ 154.130(a)(1)). In this case, Father's written request for findings was made after the court signed its final order and more than 20 days after the court orally rendered such order on May 1, 2017. Accordingly, Father's request was untimely even under the amended version of section 154.130(a)(1).

Father's November 9 request for findings and conclusions regarding the court's award of attorney's fees was the only timely request before the court.

Regarding the foregoing request, we must determine as a threshold matter whether the court's "findings" in the October 20 order, and in particular, its "finding" that Mother was entitled to $750 in "reasonable and necessary" attorney's fees under section 106.002 of the Family Code, were findings of fact or conclusions of law. According to Rule 299a of the Texas Rules of Civil Procedure, findings of fact must be filed separate from the judgment. *See* TEX. R. CIV. P. 299a ("Findings of fact shall not be recited in a judgment."). Nonetheless, some of our sister courts have held that "[f]indings contained in a judgment can be given probative value on appeal when the court does not issue any separate conflicting findings of fact and conclusions of law." *Howe v. Howe*, 551 S.W.3d 236, 247 (Tex. App.—El Paso 2018, no pet.); *In re C.A.B.*, 289 S.W.3d 874, 881 (Tex. App.—Houston [14th Dist.] 2009, no pet.); *Bruce v. Bruce*, 03-16-00581-CV, 2017 WL 2333298, at *2 (Tex. App.—Austin May 26, 2017, no pet.) (mem. op.). Moreover, the El Paso Court of Appeals has held that an objection regarding the impermissible inclusion of findings in the judgment must be raised in the trial court or it is waived. *Howe*, 551 S.W.3d at 247.

In contrast, this Court has held that recitations in a judgment do not constitute true findings of fact because they were not separately filed as required by Rule 299a. *Casino Magic Corp. v. King*, 43 S.W.3d 14, 19 n.6 (Tex. App.—Dallas 2001, pet. denied); *see also Federal Deposit Ins. Corp. v. Morris*, 782 S.W.2d 521, 523 (Tex. App.—Dallas 1989, no writ) ("When a party makes a proper and timely request for findings of fact and conclusions of law pursuant to rule 296, the trial court may not rely upon a reference back to recitals in the judgment itself to satisfy that request."). Nor have we permitted such recitations to render harmless a court's failure to comply with Rule 299a. *See Willms v. Americas Tire Co.*, 190 S.W.3d 796, 802 (Tex. App.—Dallas 2006, pet. denied) ("Recitations in the judgment do not meet the requirements for findings and

conclusions *or alleviate harm*." (emphasis added)). In light of our precedent, we will not consider the "findings" in the October 20 order to be findings of fact or conclusions of law.

We next determine whether the court erred in failing to respond to Father's request for findings and conclusions. When a proper request is made under Rule 296, the court is required to make findings of fact and conclusions of law. *See* TEX. R. CIV. P. 297 ("The court shall file its findings of fact and conclusions of law within twenty days after a timely request is filed."). However, a party is not entitled to findings and conclusions in every case. *Hous. Auth. of City of El Paso v. Beltran Elec. Contractors, Inc.*, 550 S.W.3d 707, 711 (Tex. App.—El Paso 2018, pet. denied); *Gammon v. Hodes*, No. 03-13-00124-CV, 2015 WL 1882274, at *7 (Tex. App.—Austin Apr. 24, 2015, pet. denied) (mem. op.). For instance, findings of fact are unnecessary when the matters in question are undisputed. *Barker v. Eckman*, 213 S.W.3d 306, 310 (Tex. 2006); *cf. Beltran Elec. Contractors*, 550 S.W.3d at 711 ("[F]indings are not appropriate when the trial court renders judgment as a matter of law because they serve no purpose and should not be requested, made, or considered on appeal." (citing *IKB Indus. (Nigeria), Ltd. v. Pro–Line Corp.*, 938 S.W.2d 440, 443 (Tex. 1997))); *Gammon*, 2015 WL 1882274, at *7 (same). In this case, Father presented no evidence to controvert the testimony of Mother's counsel, Stephen D. Skinner, that Mother incurred $750 in attorney's fees related to Father's motion to reduce child support. Absent a dispute regarding the amount of Mother's fees, no findings are required with respect to these facts.

Father also complains that the court did not file findings that explained why it chose to award attorney's fees to Mother. Skinner sought fees under section 106.002 of the Family Code.[6] Subsection (a) of this statute provides that a court "may" render judgment for reasonable attorney's fees in suits affecting the parent-child relationship. TEX. FAM. CODE ANN. § 106.002(a). We review

---

[6] Father urges that the court may have taxed fees against him as a sanction for filing a frivolous motion to modify. *See* TEX. FAM. CODE ANN. § 156.005 ("[I]f the court finds that a suit for modification is filed frivolously or is designed to harass a party, the court shall state that finding in the order and assess attorney's fees as costs against the offending party."). The October 20 does not reference section 156.005. Instead, Skinner based Mother's fee request on "section 160.02" of the Code, which we interpret as meaning section 106.002.

an award of attorney's fees under the statute for an abuse of discretion. *In re C.R.G.,* No. 05-10-01472-CV, 2012 WL 3133785, at *5 (Tex. App.—Dallas Aug. 2, 2012, no pet.) (mem. op.). When an abuse of discretion standard of review applies, findings and conclusions are not required. *Beltran Elec. Contractors*, 550 S.W.3d at 711 (collecting cases); *Gammon,* 2015 WL 1882274, at *7 (same); *see also Keever v. Finlan*, 988 S.W.2d 300, 306 (Tex. App.—Dallas 1999, pet. dism'd) ("Under a discretionary statute, findings of fact and conclusions of law are neither appropriate nor required."). Accordingly, Father was not entitled to findings as to why the court awarded fees to Mother. *See United Food & Commercial Workers Union Local 1000 Texoma Area Paratransit Sys., Inc.*, No. 05-12-01556-CV, 2015 WL 1756098, at *6 (Tex. App.—Dallas Apr. 17, 2015, pet. denied) (mem. op.) ("Because [plaintiff] sought attorney's fees under a statute that makes the award of attorney's fees discretionary, the trial court was not required to file findings of fact and conclusions of law." (citing *Keever*, 988 S.W.2d at 306)).

For each of these reasons, we overrule Father's first issue. For these same reasons, we also overrule Father's motion for new trial filed in this Court.

**Attorney's Fees**

We turn next to Father's third issue, in which he contends the court abused its discretion in awarding attorney's fees to Mother. He argues "there was no evidentiary foundation" for the fee award and that "legally and factually insufficient evidence exists to support the award." In addition, he urges that his motion was not frivolous, and therefore the court should not have awarded fees. Specifically, he challenges a recitation in the October 20 order—that Father testified he had received $95,000 in income for the year 2016—as false. According to Father's testimony at trial, he paid his 2016 child support obligations and other living expenses by borrowing almost $60,000 from his father and withdrawing $35,000 from his individual retirement account. He contends

these sums are not income, and he notes that his 2016 tax return showed adjusted gross income of only $36,407.

Here, the court did not award attorney's fees as a sanction for a frivolous motion, but instead pursuant to the court's discretion under Family Code section 106.002. In evaluating a fee award in a suit affecting the parent-child relationship, "we consider first whether the trial court had sufficient evidence upon which to exercise its discretion, and then whether it erred in its application of that discretion." *In re S.V.*, No. 05-16-00519-CV, 2017 WL 3725981, at *5 (Tex. App.—Dallas Aug. 30, 2017, pet. denied).

Father urges that Mother's attorney, Skinner, neither provided any documentation in support of Mother's request for fees nor any testimony regarding the specific tasks performed and the length of those tasks. Father cites *El Apple I, Ltd. v. Olivas*, which addressed the lodestar method for proving attorney's fees. 370 S.W.3d 757 (Tex. 2012). Under this method, the court multiplies the reasonable hours billed by the reasonable hourly rate for such work, with adjustments as necessary. *Id.* at 760. The lodestar method requires proof documenting the performance of specific tasks, the time required for those tasks, the person who performed the work, and his or her specific rate. *Id.* at 765. While a lodestar fee may be established through testimony, "'in all but the simplest cases, the attorney would probably have to refer to some type of record or documentation to provide this information.'" *City of Laredo v. Montano*, 414 S.W.3d 731, 736 (Tex. 2013) (per curiam) (quoting *El Apple*, 370 S.W.3d at 763).

In contrast to the lodestar method, the traditional method of awarding fees does not require documentary evidence. *Metroplex Mailing Servs., LLC v. RR Donnelley & Sons Co.*, 410 S.W.3d 889, 900 (Tex. App.—Dallas 2013, no pet.). Texas courts have allowed parties to prove their attorney's fees under section 106.002 using the traditional method. *In re E.B.*, No. 05-14-00295-CV, 2015 WL 5692570, at *2 (Tex. App.—Dallas Sept. 29, 2015, no pet.) (mem. op.). We will

consider Mother's fee award in light of the requirements for proving this method. The applicable factors include: (i) the time, labor and skill required to properly perform the legal service; (ii) the novelty and difficulty of the questions involved; (iii) the customary fees charged in the local legal community for similar legal services; (iv) the amount involved and the results obtained; (iv) the nature and length of the professional relationship with the client; and (iv) the experience, reputation and ability of the lawyer performing the services. *Id; cf. In re S.V.*, 2017 WL 3725981, at *5 (noting that determination of reasonableness requires consideration of "the time spent by the attorney on the case, the nature of the attorney's case preparation, the complexity of the case, the experience of the attorney, and the prevailing hourly rates"). Evidence on each factor is not required to determine a reasonable award, and the court "may also consider the entire record and the common knowledge of the participants as lawyers and judges in making its determination." *In re S.V.*, 2017 WL 3725981, at *6.

Skinner, testified[7] that he has been licensed to practice law since May of 1994. Approximately eighty percent of his practice is family law. Skinner practices extensively in several North Texas counties, including Dallas County, and he is familiar with the rates that attorneys in this region charge in similar proceedings. Skinner testified that Mother agreed to pay him the "ordinary and reasonable" rate of $250 per hour, and he had billed time for tasks that included filing an answer, preparing a plea in abatement and a request for disclosure, and preparing for and attending the May 17 trial. With respect to Father's motion to reduce child support, Skinner testified that a "reasonable fee . . . is three hours [times] $250 an hour," for a total of $750.

Skinner's testimony was clear, positive, direct, and free from contradiction. *See In re Moore*, 511 S.W.3d 278, 288 (Tex. App.—Dallas 2016, no pet.) (noting that "testimony from a

---

[7] Skinner did not testify under oath, but Father did not object, thereby waiving any such objection. *Olsen v. Comm'n for Lawyer Discipline*, 347 S.W.3d 876, 890 (Tex. App.—Dallas 2011, pet. denied).

party's attorney about fees will be taken as true as a matter of law if it is not contradicted by any other witness and is clear, positive, direct, and free from contradiction (citation and internal quotation marks omitted)). Based on this testimony, we conclude the court had sufficient evidence upon which to exercise its discretion in awarding attorney's fees to Mother. Moreover, we discern no error by the court in its application of such discretion.

Father additionally contends a fee award was inappropriate because Skinner's services did not result in a direct benefit to the children. He cites *Stevens v. Stevens*, in which this Court reversed an order decreasing a father's monthly child support obligation. No. 05-03-00249-CV, 2003 WL 21999900, at *1–2 (Tex. App.—Dallas Aug. 25, 2003, no pet.) (mem. op.). In that case, we also concluded the court erred in awarding attorney's fees to the father, who we had determined was the unsuccessful party, because the services awarded by the father's attorney had no relationship to the needs of the children. *Id*. at *2. In contrast, Skinner's services in this case resulted in the denial of Father's motion to reduce child support, thereby benefitting the children. Though Father contends his motion was not frivolous, in this appeal he has not challenged the court's denial of his motion. *Stevens* is therefore inapposite to this case.

For each of the foregoing reasons, we overrule Father's third issue.

**Parenting Facilitator**

The court's May 4, 2016 order, though itself a final judgment, states that "[a]ll other terms of the prior orders not specifically modified in this order shall remain in full force and effect." Based on this clause, Father contends the March 2012 order's terms that relate to the appointment of the Parenting Facilitator remain in effect. His second issue urges the court erred by not enforcing these terms, as he had requested in his October 2016 emergency motion for enforcement. While the court's October 20, 2016 order at issue in this appeal did not reference Father's motion for enforcement, we will treat the court's order as having denied Father's motion by virtue of the

clause in the order that "all relief requested in this case and not expressly granted is denied." "We review a trial court's order regarding child custody, control, possession, and visitation for an abuse of discretion." *In re H.N.T.*, 367 S.W.3d 901, 903 (Tex. App.—Dallas 2012, no pet.)

At the trial, Mother's counsel stated that Mother had no objection to the Parenting Facilitator meeting with Mother or with the younger of the two children.[8] Based on this representation, the court directed Father to arrange for a meeting with the Facilitator. Father responded that the Facilitator to that point had refused to participate in such a meeting. To help bring about the meeting, Father tendered a proposed order that purported to restate the subject language from the March 2012 order. However, he conceded in response to the court's questions that his proposed order had made a change to the subject language. The court directed Father to send to opposing counsel later that day a revised proposed order that precisely tracked the subject language from the March 2012 order. Father did not follow the court's directive. Based on the record, it appears that Father waited until August 18, 2017, to submit a proposed order.[9] The court did not sign this order.

In sum, the record from the trial shows the court did not at that time deny Father's emergency motion for enforcement. The court instead directed Father to submit a revised version of the proposed order that he claimed was necessary to bring about a meeting with the Parenting Facilitator. Given Father's failure to follow the court's directive, we conclude the court did not abuse its discretion in subsequently signing its October 20 order which had the effect of denying Father's emergency motion for enforcement. We overrule Father's second issue.

---

[8] As of the trial, the older child was no longer a minor.

[9] Mother also suggests this order is the same as the prior non-conforming order that the court had instructed Father to revise.

## CONCLUSION

We affirm the court's judgment.

/Bill Pedersen, III/

BILL PEDERSEN, III
JUSTICE

171294F.P05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

IN THE INTEREST OF S.V. AND S.V., CHILDREN

No. 05-17-01294-CV

On Appeal from the 255th Judicial District Court, Dallas County, Texas
Trial Court Cause No. DF-04-11968-V.
Opinion delivered by Justice Pedersen, III. Justices Partida-Kipness and Carlyle participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

It is **ORDERED** that appellee Jyoti Masurekar recover her costs of this appeal from appellant Venky Venkatraman.

Judgment entered this 9th day of April, 2019.