**Affirmed and Memorandum Opinion filed November 10, 2015.**



In The

# Fourteenth Court of Appeals

### NO. 14-15-00015-CV

## IN THE INTEREST OF C.C.G., A Child

**On Appeal from the 315th District Court
Harris County, Texas
Trial Court Cause No. 2013-03557J**

## M E M O R A N D U M   O P I N I O N

This appeal arises from an order signed by the trial court on December 17, 2014. The underlying suit was initiated by the Texas Department of Family and Protective Services and sought termination of the parental rights of M.L.G. (the Mother) to her son, C.C.G. (the Child). The trial court's order named the Mother and S.G., (the Father), as joint managing conservators and gave the Father the right to establish the Child's primary residence. The Mother appeals that order.

In her sole point of error, the Mother contends the trial court erred in failing to file findings of fact and conclusions of law. The record reflects the Mother

timely requested findings and conclusions pursuant to Rule 297. Tex. R. Civ. P. 297. In her brief, the Mother asserts that she also timely filed notice that the findings and conclusions had not been made. She does not, however, assert a date that notice was filed nor provide a reference to the record where such a notice may be found.[1] No such notice is contained in the record before this court.

The failure to timely file a past due notice waives the right to complain about the trial court's failure to file findings of fact and conclusions of law. *Watts v. Oliver*, 396 S.W.3d 124, 131 (Tex. App.—Houston [14th Dist.] 2013, no pet.) (citing *Las Vegas Pecan & Cattle Co. v. Zavala Cnty.*, 682 S.W.2d 254, 255 (Tex. 1984)). *See also In re J.I.T.P.,* 99 S.W.3d 841, 848–49 (Tex. App.—Houston [14th Dist.] 2003, no pet.) (appellant's failure to properly request findings of fact and conclusions of law waived issue that trial court erred in failing to file them).

Even if the Mother had not waived error, we would conclude that she has failed to demonstrate harm. When a trial court fails to file findings of fact and conclusion of law, error is harmful if it prevents an appellant from properly presenting a case to the appellate court. *Rumscheidt v. Rumscheidt*, 362 S.W.3d 661, 665 (Tex. App.—Houston [14th Dist.] 2011, no pet.). "Harm may exist when the circumstances of a case require an appellant to guess the reason the court ruled as it did." *In re J.I.T.P.,* 99 S.W.3d at 848-49 (citing *Beard v. Beard*, 49 S.W.3d 40, 52 (Tex.App.—Waco 2001, pet. denied)). Although the Mother contends she cannot know upon what facts the trial court relied, a complete reporter's record has been filed. Thus we could have fully reviewed any claim that the trial court lacked grounds for its order. *Id.*

---

[1] In its brief, the Department pointed out the record on appeal does not include such a notice.

Further, the Mother does not identify any issue that she was unable to brief as a result of the trial court's failure to make findings of fact and conclusions of law. *See Watts* 396 S.W.3d at 131. The Mother has not demonstrated that she was prevented from properly presenting her case to this court. *See Rumscheidt*, 362 S.W.3d at 665.

We overrule appellant's sole issue and affirm and the trial court's judgment.


PER CURIAM


Panel consists of Justices Jamison, McCally and Wise.