# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

---

## NO. 03-19-00039-CV

---

**Sabrina Ismail, Appellant**

**v.**

**Mohammad Sayem Khan, Appellee**

---

### FROM THE 425TH JUDICIAL DISTRICT COURT OF WILLIAMSON COUNTY
### NO. 17-2600-F425, THE HONORABLE BETSY F. LAMBETH, JUDGE PRESIDING

---

## M E M O R A N D U M   O P I N I O N

Sabrina Ismail appeals the district court's final decree of divorce in the underlying suit filed by Mohammad Sayem Khan. In three issues, Ismail contends that the district court erred by: (1) finding that her monthly net resources for calculating child support were $4,000 per month; (2) characterizing real property in Bangladesh as community property; and (3) dividing the marital estate without sufficient evidence to make a just-and-right division. We will affirm the district court's decree.

## BACKGROUND

Ismail and Khan married in 2004 and have two children. Khan filed for divorce in 2017. After a bench trial, the district court determined that Ismail had monthly net resources of $4,000 and signed a divorce decree ordering her to pay $280 in monthly child support. The

decree also awarded Ismail and Khan an undivided 50% interest in "[t]he parties' partial ownership of land in Mirpur, Bangladesh." This appeal followed.

## DISCUSSION

### Monthly net resources for child-support calculation

In her first issue, Ismail contends that the district court erred by finding that her monthly net resources for calculating child support were $4,000 per month. She states that the evidence at trial showed she was "destitute," and specifically contends that the district court should not have considered money she receives from family as part of her "resources" because her family has no obligation to continue providing that money. Thus, in her view, her monthly net resources are not $4,000, but zero.

A trial court's child-support order will not be disturbed on appeal unless the complaining party shows a clear abuse of discretion. *Iliff v. Iliff*, 339 S.W.3d 74, 78 (Tex. 2011). A trial court abuses its discretion when it acts arbitrarily or unreasonably, without reference to guiding rules or principles, or by failing to analyze or apply the law correctly. *Id*. Under this standard, legal and factual sufficiency of the evidence are not independent grounds for appeal but are relevant considerations in determining whether the trial court abused its discretion. *Goodson v. Castellanos*, 214 S.W.3d 741, 756 (Tex. App.—Austin 2007, pet. denied). There is no abuse of discretion if some probative and substantive evidence supports the trial court's order. *Legere v. Legere*, No. 03-12-00046-CV, 2013 Tex. App. LEXIS 1768, at *10 (Tex. App.—Austin Feb. 22, 2013, no pet.) (mem. op.) (citing *Ziefman v. Michels*, 212 S.W.3d 582, 587 (Tex. App.—Austin 2006, pet. denied)).

The Family Code defines "resources," for the purpose of determining child-support liability, as including:

(1) 100 percent of all wage and salary income and other compensation for personal services (including commissions, overtime pay, tips, and bonuses);

(2) interest, dividends, and royalty income;

(3) self-employment income;

(4) net rental income (defined as rent after deducting operating expenses and mortgage payments, but not including noncash items such as depreciation); and

(5) *all other income actually being received*, including severance pay, retirement benefits, pensions, trust income, annuities, capital gains, social security benefits other than supplemental security income, United States Department of Veterans Affairs disability benefits other than non-service-connected disability pension benefits, as defined by 38 U.S.C. Section 101(17), unemployment benefits, disability and workers' compensation benefits, interest income from notes regardless of the source, *gifts* and prizes, spousal maintenance, and alimony.

Tex. Fam. Code § 154.062(a), (b) (emphases added); *see Rumscheidt v. Rumscheidt*, 362 S.W.3d 661, 668 (Tex. App.—Houston [14th Dist.] 2011, no pet.) (concluding that trial court was entitled to consider financial assistance father received from his parents or trust in determining his ability to pay child support); *In re L.R.P.*, 98 S.W.3d 312, 314 (Tex. App.—Houston [1st Dist.] 2003, pet. dism'd) (rejecting father's contention that trial court's child-support calculation should exclude money that father received monthly from family member for living expenses because section 154.062(b)(5) includes "gifts" and "all other income actually being received" in definition of "resources").

Here, Khan, Ismail, and Ismail's sister testified about Ismail's financial resources. Khan testified that Ismail has an extensive inheritance from her parents. But Ismail's sister

3

denied knowing of any assets that Ismail inherited or would inherit. Ismail testified that she receives financial assistance from her family each month:

> Court: How much money do you receive from your family on a monthly basis?
>
> Ismail: The thing is that Mohammad Khan gives me $1,800 and after that if I need something, they do grocery and sometimes they pay money like $300 or $200 like that.

Ismail further testified that because of her family's financial assistance, money does not matter to her:

> Ismail's counsel: Do you have a job that pays you money?
>
> Ismail: No, I am not getting money but I will give [sic] some money from Mohammad Khan and my family members are helping me so money doesn't matter for me.
>
> . . . .
>
> Ismail's counsel: Do you have any cash yourself?
>
> Ismail: Right now in my bank statement in bank account are you asking?
>
> Ismail's counsel: Yes, approximately how much do you have?
>
> Ismail: $1,800 and if I need more money I would get it from Mohammad Khan and if don't get it from Mohammad Khan I'll take it from my family members so I don't need to think about money, actually.

At the hearing on the motion to enter the final decree, Ismail's counsel contended that Ismail's "testified-to income was zero" but the district court recalled that "[Ismail] testified as to money that was coming in from other sources and that's what I based it on." Thus, the record disproves Ismail's contention that her "testified-to income was zero" by showing that Ismail receives monthly "resources," statutorily defined as including "gifts," from her family

4

members that may be considered in calculating child support. *See* Tex. Fam. Code § 154.062(b)(5); *Rumscheidt*, 362 S.W.3d at 668; *In re L.R.P.*, 98 S.W.3d at 314.

However, the district court stated that it was "not comfortable with the information" it had "regarding what [Ismail] receives or what she's able to receive from her family." Using the wage-and-salary presumption under section 154.068 of the Family Code, the district court ordered Ismail to pay Khan $280 in monthly child support. *See* Tex. Fam. Code § 154.068(a). That statute provides that "[i]n the absence of evidence of a party's net resources as defined by Section 154.062(b), the court shall presume that the party has income equal to the federal minimum wage for a 40-hour week to which the support guidelines may be applied." *Id*. Application of the wage-and-salary presumption here yields a monthly child support obligation of $280.91, which is slightly greater than the $280 child support that the district court ordered in its final decree.[1] Unsurprisingly, Ismail does not complain that the district court ordered her to pay less child support than that authorized by application of the wage-and-salary presumption in the Family Code.

Rather, Ismail complains about the finding that her monthly net resources were any amount greater than zero. But Ismail acknowledges that when determining her monthly net resources available for child support, the trial court was authorized to assign a reasonable amount of deemed income attributable to assets that do not currently produce income. *See id*. § 154.067(a). Section 154.067(a) of the Family Code provides that:

---

[1] The statutory chart in the Family Code lists $1123.62 as the net monthly income for a person earning the federal minimum wage. *See* Tex. Fam. Code § 154.061 (containing chart for computing net monthly income). Applying to that amount the 25% guideline for two children results in a total of $280.91. *See id*. § 154.125 (providing schedule of percentage guidelines which for two children is 25% of obligor's net resources).

[w]hen appropriate, in order to determine the net resources available for child support, the court may assign a reasonable amount of deemed income attributable to assets that do not currently produce income. The court shall also consider whether certain property that is not producing income can be liquidated without an unreasonable financial sacrifice because of cyclical or other market conditions. If there is no effective market for the property, the carrying costs of such an investment, including property taxes and note payments, shall be offset against the income attributed to the property.

*Id.* Here, the court's marital-property division (excluding clothing, jewelry, and furniture with a net value of $22,500) awarded Ismail assets with net values in excess of $85,801.97. Ismail received liquid assets, an income-producing asset, and other assets that do not currently produce income:

- real property in Temple, Texas with a net value of $45,789.65 that generates $1,200 in rent (after deducting $150 payment to property-management entity);

- an Employee Retirement System account with a net value of $9,979.19;

- a Baylor Scott & White Health Retirement Savings Plan with a net value of $15,368.94;

- half of a Canadian Local Authority pension plan with Ismail's share of net value at $13,664.19; and

- a Wells Fargo joint checking account with a balance of $1,000.

Further, Khan was ordered to pay Ismail $1,000 monthly for spousal maintenance.

The district court could have considered these assets and spousal-maintenance income—in addition to the $200 to $300 monthly financial support that Ismail's family provides to her—when determining Ismail's net resources available for child support. *See id.* § 154.062(a), (b) (authorizing trial courts to consider "all other income actually being received," including net rental income, gifts, and spousal support, as "resources" for purpose of determining parent's child-support liability); *Goodson*, 214 S.W.3d at 757 (noting that trial court "may

6

consider all sources that might be used to pay child support" and concluding that court could have considered proceeds from sale of stock, deemed income from second home, or potential value from sale of that home in making child-support determination); *see also Rumscheidt*, 362 S.W.3d at 668; *In re L.R.P.*, 98 S.W.3d at 314. Given this record, the district court's implied finding that Ismail's assets could produce at least $4,000 monthly—considered in the light most favorable to that finding—was not arbitrary or unreasonable. *See Goodson*, 214 S.W.3d at 757 (noting that "the duty to pay child support is not limited to the parent's ability to pay from current earnings, and the court may consider all sources that might be used to pay child support"); *see also Norris v. Norris*, No. 03-12-00108-CV, 2013 Tex. App. LEXIS 1884, at *24 (Tex. App.—Austin Feb. 27, 2013, no pet.) (mem. op.) (rejecting father's complaint about trial court's conclusion that his assets provided him with net monthly income of $3,300 because evidence indicated that he had assets in excess of $500,000 and trial court could have reasonably determined that those assets could produce $3,300 monthly).

Because this record contains some evidence of a substantive and probative character supporting the district court's net-resources finding, Ismail failed to meet her burden of showing that the district court abused its discretion in making that finding. *See Iliff*, 339 S.W.3d at 78; *Legere*, 2013 Tex. App. LEXIS 1768, at *10; *Ziefman*, 212 S.W.3d at 587. And in any event, the district court set Ismail's child support amount at a figure well below this, applying the wage-and-salary presumption for minimum-wage income from the Family Code. We overrule Ismail's first issue.

**Characterization of real property in Bangladesh**

In her second issue, Ismail contends that the district court erred by characterizing real property in Bangladesh as community property. She states that testimony in the record

7

"indicated that the Bangladesh property, if it exists," is her sole and separate property. All property possessed by either spouse during or on dissolution of marriage is presumed to be community property. Tex. Fam. Code § 3.003(a). Overcoming this community-property presumption requires clear-and-convincing evidence establishing that the property is separate. *Id*. § 3.003(b).

However, the district court's decree does not purport to divide any spouse's separate property. Rather, the decree specifies that Ismail and Khan are each awarded 50% interest in land in which they have "partial"—not sole—ownership. Unlike the other references to real property in the decree, there is no property description for the reference to land in Bangladesh, and Ismail herself questions the Bangladesh property's existence.

Further, the partial ownership of land referenced during Khan's closing argument was "land in Pakistan," not in Bangladesh.[2] Khan testified that Ismail would inherit certain real property in unspecified cities—"two four-story building[s]" located "in the capital" and "the home [where] she was born and grew up, it's in another city and they have acres and acres and acres of land"—but there was conflicting testimony on the inheritance issue and nothing in the record to establish that Ismail actually owned any such properties. When Ismail's sister was asked what happened to her parents' property after their deaths, she testified, "We don't have any specific property. My parents used to live in a house, that house now belongs to my brother

---

[2] Khan's counsel stated, "We have partial ownership of the land in Pakistan which is 100 percent to the wife but there is no valuation on that because we don't have a value so Ms. Ismail is not exactly getting a 43 percent split compared to Mr. Khan's 56 percent split as shown on this spreadsheet." (The spreadsheet referenced here is not in the record.). Ismail's counsel responded, "[T]here was no testimony before [the court] about a piece of property in Pakistan."

who lives in Bangladesh." Ismail's sister denied knowing of any assets that Ismail inherited or would inherit.[3]

Moreover, the decree specifies that "any assets of the parties not awarded or divided by this Final Decree of Divorce are subject to future division as provided in the Texas Family Code." If Ismail has any separate property assets in Bangladesh, this decree—which is limited to the land in which Ismail and Khan have "partial" ownership—on its face does not purport to divide those assets. Thus, Ismail is incorrect in her contention that the district court characterized any separate property in Bangladesh as community property. On this record, we conclude that the district court did not abuse its discretion by dividing "[t]he parties' partial ownership of land in Mirpur, Bangladesh" equally between the spouses. We overrule Ismail's second issue.

**Just-and-right division of marital estate**

In her third issue, Ismail contends that the district court erred by dividing the marital estate without sufficient evidence to make a just-and-right division. She specifically contends that absent evidence about the value of "the land" in Bangladesh, the district court was unable to determine "the size of the community pie."

---

[3] Given the testimony at trial, evidence as to Ismail's separate-property claim was not conclusive. We defer to the district court's resolution of evidentiary conflicts as the factfinder. *See City of Keller v. Wilson*, 168 S.W.3d 802, 822 (Tex. 2005) (noting that factfinder is sole judge of witnesses' credibility and weight given to their testimony); *Henry v. Henry*, No. 03-11-00253-CV, 2014 Tex. App. LEXIS 4233, at *2 (Tex. App.—Austin Apr. 18, 2014, no pet.) (mem. op.) (noting that district court as factfinder resolved conflicts in evidence and that reviewing court may not interfere with factfinder's resolution of such conflicts); *see also Lecuona v. Lecuona*, No. 03-17-00138-CV, 2018 Tex. App. LEXIS 4376, at *3 (Tex. App.—Austin June 15, 2018, pet. denied) (mem. op.) (rejecting contention that evidence established separate-property status of asset and noting that evidence is considered conclusive only if reasonable people could not differ in their conclusions), *cert. denied*, 2019 U.S. LEXIS 2051 (May 13, 2019).

A trial court must make a just-and-right division of the community estate upon divorce. Tex. Fam. Code § 7.001. The trial court has broad discretion in its division of the marital estate, and that division should be corrected on appeal only for an abuse of discretion. *Murff v. Murff*, 615 S.W.2d 696, 698 (Tex. 1981); *Henry v. Henry*, No. 03-11-00253-CV, 2014 Tex. App. LEXIS 4233, at *2 (Tex. App.—Austin Apr. 18, 2014, no pet.) (mem. op.).

In support of this issue, Ismail relies exclusively on two cases in which the parties presented no evidence of the value of the community estate or any of its component parts. *See Chapa v. Chapa*, No. 04-17-00345-CV, 2018 Tex. App. LEXIS 2894, at *4 (Tex. App.—San Antonio Apr. 25, 2018, no pet.) (mem. op.) (discussing divorce decree entered on respondent's default and noting that because record contained no evidence of value of community estate or any of its component parts, there was "no evidence upon which the trial court could have concluded the division of the estate in the decree is just and right"); *Sandone v. Miller Sandone*, 116 S.W.3d 204, 206-08 (Tex. App.—El Paso 2003, no pet.) (concluding that trial court abused its discretion by dividing marital property when there was no evidence as to value of assets or amount of liabilities; "a complete absence of evidence to support the division of property"). Unlike those cases, this case does not concern a default divorce decree or a record devoid of evidence about the value of assets and amount of liabilities in the marital estate. Thus, neither of Ismail's cited authorities supports her contention that the trial court abused its discretion in its division of the marital estate.

Moreover, each party in a divorce proceeding has a burden to present sufficient evidence of the value of the community estate to enable the trial court to make a just-and-right division. *Aduli v. Aduli*, 368 S.W.3d 805, 820 (Tex. App.—Houston [14th Dist.] 2012, no pet.); *Sias-Chinn v. Chinn*, No. 03-11-00128-CV, 2012 Tex. App. LEXIS 1687, at *24 (Tex. App.—

10

Austin Feb. 29, 2012, no pet.) (mem. op.). If a party does not provide values for property to be divided, that party may not complain on appeal, as Ismail does here, that the trial court lacked sufficient information to properly divide the property. *Aduli*, 368 S.W.3d at 820; *Chinn*, 2012 Tex. App. LEXIS 1687, at *24; *Deltuva v. Deltuva*, 113 S.W.3d 882, 887 (Tex. App.—Dallas 2003, no pet.). Because Ismail failed to provide a value for any real property in Bangladesh, she may not now complain that the district court had insufficient information to divide the marital estate in a just-and-right manner. We overrule Ismail's third issue.

## CONCLUSION

We affirm the district court's final decree of divorce.

_____

Jeff Rose, Chief Justice

Before Chief Justice Rose, Justices Triana and Smith
  Dissenting Opinion by Justice Smith

Affirmed

Filed: January 24, 2020

11