# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-20-00411-CV

**Dean Orson Clark, II, Appellant**

**v.**

**Joanne Crompton Clark, Appellee**

### FROM THE 201ST DISTRICT COURT OF TRAVIS COUNTY
### NO. D-1-FM-14-005514, THE HONORABLE AMY CLARK MEACHUM, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Dean Orson Clark, II appeals the trial court's denial of his petition to modify the parent-child relationship, requesting a reduction in the amount of his monthly child-support obligation.[1] *See* Tex. Fam. Code §§ 156.401-.409.  Because we conclude that the trial court did not abuse its discretion in refusing to modify Dean's child-support obligation, we will affirm.

## BACKGROUND

Dean and Joanne Crompton Clark were married in 2008 and divorced in 2015. During the marriage, the couple had two children, who were four and two years old at the time of the divorce.  In the final decree of divorce, the trial court appointed Dean and Joanne as joint managing conservators and awarded Joanne the exclusive right to determine the children's

---

[1]  Because the parties share the same last name, for clarity we will refer to them by their first names.

primary residence. The decree also ordered Dean to pay $1,600 a month in child support to Joanne and to maintain health, dental, and vision insurance for the children.

In November 2019, Joanne filed a petition to modify the parent-child relationship, requesting that the trial court modify the decree's medical-support provision to require her and not Dean to maintain medical insurance for the children. Dean filed a counterpetition to modify the parent-child relationship, seeking to reduce the amount of his monthly child support based on his assertion that his employment had changed since the divorce and that he was now earning substantially less income.

On July 22, 2020, the trial court conducted a hearing on the parties' competing petitions to modify the decree. At the hearing, Dean testified that when he and Joanne divorced, he was earning an annual salary of $102,648 and that after the divorce he "changed jobs a few times" but continued to earn an annual salary between $108,000 and $202,000 from 2015 to 2019. In October 2019, Dean was terminated from his position as Director of Human Resources, and following a period of unemployment, he accepted a position as an associate at Charles Schwab with an annual base salary of $42,000.

At the conclusion of the hearing, the trial court denied both Joanne's request to assign to her the responsibility of maintaining the children's health insurance and Dean's request to reduce his child-support obligation. The trial court later signed an order consistent with its oral pronouncement and, on Dean's request, filed findings of fact and conclusions of law. *See* Tex. R. Civ. .P. 296, 297. The trial court issued the following findings of fact and conclusions of law relevant to Dean's request for modification:

> [1]     [Dean] failed to prove by a preponderance of the evidence that there has
> been a material and substantial change in circumstances to support a modification

2

in child support.

[2.]    [Dean] failed to prove by a preponderance of the evidence that a reduction in child support is in the best interest of the children.

[3.]    [Dean] is intentionally underemployed in accordance with Texas Family Code Section 154.066.

[4.]    [Dean] has sufficient assets to pay his monthly child support obligation of $1600.00 per month.

[5.]    It is in the children's best interest for [Dean] to continue to pay the monthly child support of $1600.00 per month.

Dean timely filed his notice of appeal in this Court.

## STANDARD OF REVIEW

We review a trial court's order setting or modifying child support for an abuse of discretion. *Worford v. Stamper*, 801 S.W.2d 108, 109 (Tex.1990); *In re T.D.C.*, 91 S.W.3d 865, 872 (Tex. App.—Fort Worth 2002, pet. denied). A trial court abuses its discretion when it acts arbitrarily or unreasonably, without reference to guiding rules or principles. *Iliff v. Iliff*, 339 S.W.3d 74, 78 (Tex. 2011); *Legere v. Legere*, No. 03-12-00046-CV, 2013 WL 692450, at *2 (Tex. App.—Austin Feb. 22, 2013, no pet.) (mem. op.). A trial court also abuses its discretion by failing to analyze or apply the law correctly. *Iliff*, 339 S.W.3d at 78 (citing *Walker v. Packer*, 827 S.W.2d 833, 840 (Tex. 1992)).

In modification suits, traditional sufficiency standards of review overlap the abuse-of-discretion standard. *Zeifman v. Michels*, 212 S.W.3d 582, 587-88 (Tex. App.—Austin 2006, pet. denied). Challenges to legal and factual sufficiency of the evidence are not independent grounds of error but are relevant factors in assessing whether the trial court abused its discretion. *Coburn v. Moreland,* 433 S.W.3d 809, 823 (Tex. App.—Austin 2014, no pet.).

3

Consequently, to determine whether a trial court abused its discretion, we engage in a two-pronged inquiry: (1) whether the trial court had sufficient information upon which to exercise its discretion, and (2) if so, whether the trial court erred in its exercise of that discretion. *Id.*; *Zeifman*, 212 S.W.3d at 588.

When a trial court issues findings of fact, as it did here, those findings are subject to review under the same legal and factual sufficiency standards as jury findings. *Robbins v. Robbins*, 550 S.W.3d 846, 854 (Tex. App.—Fort Worth 2018, no pet.); *see Sparks v. Rutkowski*, No. 03-17-00452-CV, 2018 Tex. App. LEXIS 6097, at *4 (Tex. App.—Austin Aug. 3, 2018, no pet.) (mem. op.) (citing *Ortiz v. Jones*, 917 S.W.2d 770, 772 (Tex. 1996)). In conducting our legal-sufficiency review, we consider the evidence in the light most favorable to the finding and indulge every reasonable inference that would support it. *City of Keller v. Wilson*, 168 S.W.3d 802, 822 (Tex. 2015). We will not substitute our judgment for that of the factfinder and will uphold the finding if the evidence falls within the zone of reasonable disagreement. *Id.* Evidence is factually insufficient to support a finding only if the evidence adverse to the finding at issue preponderates so overwhelmingly against the challenged finding that the finding is clearly wrong and manifestly unjust. *See Cain v. Bain*, 709 S.W.2d 175, 176, (Tex. 1986). As long as some probative and substantive evidence exists in the record to support the trial court's order, there is no abuse of discretion. *Coburn,*433 S.W.3d at 823*; Zeifman*, 212 S.W.3d at 588.

## DISCUSSION

In one issue on appeal, Dean asserts that the trial court abused its discretion by finding that he failed to prove that there had been a material and substantial change in circumstances to support a modification in child support. Specifically, Dean argues that "the

4

overwhelming weight of the evidence presented at trial" shows that his salary has decreased significantly since the divorce and that "by denying [his] requested relief, the trial court required [him] to pay child support that exceeds 50% of his net resources."

A trial court may modify a parent's child-support obligation if "the circumstances of the child or a person affected by the order have materially and substantially changed" since the date of the previous child-support order. *See* Tex. Fam. Code § 156.401(a)(1). The trial court determines whether a material and substantial change has occurred by examining "the circumstances of the child and parents at the time the prior decree was rendered, in relation to the circumstances existing at the time modification of the prior order is sought." *Sparks,* 2018 Tex. App. LEXIS 6097, at *5 (citations omitted); *Melton v. Toomey*, 350 S.W.3d 235, 238 (Tex. App.—San Antonio 2011, no pet.). The party seeking the modification bears the burden of establishing that there has been a material and substantial change in circumstances by a preponderance of the evidence. *In re N.H.N.*, 580 S.W.3d 440, 445 (Tex. App.—Houston [14th Dist.] 2019, no pet.); *Downey v. Downey*, No. 03-12-00037-CV, 2014 Tex. App. LEXIS 3490, at *16 (Tex. App.—Austin Apr. 1, 2014, no pet.) (mem. op.) (citing *Zeifman*, 212 S.W.3d at 589).

It is left to the trial court's sound discretion to weigh all the relevant factors when deciding whether there has been a substantial and material change and whether that change warrants a modification of child support. *Downey*, 2014 Tex. App. LEXIS 3490, at *16. Section 156.402 of the Texas Family Code provides that in making this determination, the trial court may consider the child-support guidelines under Chapter 154. Tex. Fam. Code § 156.402(a). However, a trial court is not required to modify an order to conform with the statutory guidelines and, in fact, may do so only if it determines that the modification would be in the child's best interest. *See id.* § 156.402(b). In determining whether to modify child support, the trial court's

5

primary consideration is always the best interest of the child. *Rumscheidt v. Rumscheidt*, 362 S.W.3d 661, 666 (Tex. App.—Houston [14th Dist.] 2011, no pet.); *Coburn*, 433 S.W.3d at 836 (quoting *Rodriguez v. Rodriguez*, 860 S.W.2d 414, 417 n.3 (Tex. 1993)).

In addition, Section 154.066 of the Family Code allows the court to consider a parent's "earning potential" if his or her "actual income . . . is significantly less than what [he or she] could earn because of intentional unemployment or underemployment." Tex. Fam. Code § 154.066. A finding of intentional unemployment to underemployment does not require evidence that the parent's unemployment or underemployment was for the purpose of avoiding child support. *Iliff*, 339 S.W.3d at 83 & n.8. Moreover, "[s]hort term slumps in parental income are not sufficient to support modification of a child support order." *Watler v. Watler*, No. 01-01-01038-CV, 2003 Tex. App. LEXIS 2248, at *7 (Tex. App.—Houston [1st Dist.] Mar. 13, 2003, no pet.) (mem. op.).

After reviewing the record, we conclude that there was sufficient evidence to support the trial court's decision to deny Dean's request to reduce his child support. First, the trial court found and the evidence shows that Dean has a bachelor's degree in finance, a master's degree in personnel, and has earned half the credits necessary for a doctor's degree. In addition, Dean was employed in human resources from 2014 to 2019 in a senior capacity—as a vice president, senior manager, and then director—and was earning an annual salary of between $108,000 and $202,000. In October 2019, Dean was terminated from his last position as director of human resources, and following a period of unemployment, Dean accepted a position in April 2020 at Charles Schwab with an annual base salary of $42,000. Although Dean's start date at Charles Schwab was not until August 2020, Dean testified that he has not looked for other jobs since April 2020, that he did not intend to look for another job, and that he views the position

6

at Charles Schwab as having potential for "growth" and promotion. These underlying facts, including Dean's education and work experience, are supported by the record and, in turn, support the trial court's finding that Dean was "intentionally underemployed in accordance with Texas Family Code Section 154.066." *See* Tex. Fam. Code § 154.066.

The trial court also heard evidence that Joanne spends on average $516 each month during the school year for after-school care; $448 each month during the summer for summer camps; $500 each month for extracurricular activities, such as piano and soccer; and $352 each month for tutoring. Joanne testified that, if Dean's child-support obligation were reduced, she would be unable to pay for these expenses and still provide for the children's basic needs, such as food and clothing. We conclude that this evidence is sufficient to support the trial court's finding that a reduction in child support would not be in the children's best interest.

The undisputed evidence shows that Dean's annual salary decreased substantially from 2015, when he was ordered to pay $1600 a month in child support, to July 2020, when the trial court heard his petition for modification. However, the trial court found that Dean was intentionally underemployed and that a modification of the amount of child support was not in the children's best interest. Both of these findings are unchallenged by Dean and are supported by sufficient evidence in the record. *See McElwrath v. McElwrath*, No. 03-14-00487-CV, 2016 Tex. App. LEXIS 3742, at *3 (Tex. App.—Austin Apr. 13, 2016, no pet.) (mem. op.) ("Unchallenged findings of fact are binding unless there is no evidence to support the finding or the contrary is established as a matter of law." (citing *McGalliard v. Kuhlmann*, 722 S.W.2d 694, 696 (Tex. 1986))). In light of these findings and the evidence, we conclude that the trial court reasonably determined that Dean failed to meet his burden to demonstrate a material and substantial change in circumstances. *See* Tex. Fam. Code 156.401(a)(1). In other words, the

7

trial court had sufficient information from which it could decide, in the exercise of its discretion, whether a modification of Dean's child-support obligation was warranted, and it did not err in its exercise of that discretion.

## CONCLUSION

Having overruled Dean's sole issue on appeal, we affirm the trial court's order.

_____

Chari L. Kelly, Justice

Before Justices Goodwin, Triana, and Kelly

Affirmed

Filed:   August 26, 2021